UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAVID A. WOOD, NANCY
COCHRAN, BOBBY SNIPES, AND
WENDELL FAULKNER, on behalf of
themselves and all persons
similarly situated,

           *Plaintiffs*

   v.

UNIFIED GOVERNMENT OF
ATHENS-CLARKE COUNTY,
GEORGIA,

           *Defendant*

CIVIL ACTION FILE
NO.  3:14-CV-43

**COMPLAINT--CLASS ACTION**

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs David A. Wood, Nancy Cochran, Bobby Snipes, and Wendell Faulkner, on their own behalf as well as on behalf of all others similarly situated, make the following claims against Defendant Unified Government of Athens-Clarke County, Georgia.

## INTRODUCTION

To hire and retain talented employees, the City of Athens, Georgia, Clarke County, Georgia, and the Unified Government of Athens-Clarke

County ("Unified Government") promised all of their employees hired prior to July 1, 2002, a specified level of health-insurance benefits throughout retirement at no cost.  In return, all the employees had to do was work a certain number of years. The employees—the same ones who fought the community's fires, protected its public, and kept the streets clean—relied on the government's promise, and many of them gave the government at least the required number of years of service based on it. In exchange, the employees expected, and were entitled, to receive the health-insurance benefits that they were promised. That was the deal.

The Unified Government is not honoring the deal. It reneged on its "no cost" promise by forcing retirees over age 65 to enroll in and pay the premiums associated with Medicare Part B as a condition of receiving *any* benefits under the Unified Government's health plan. And it has failed to provide the retirees the level of indemnification for their medical costs that it promised to provide.

Like any other contracting party, the Unified Government is bound by the deal it struck. It promised a specified benefit in exchange for the employees' years of service. The employees fully performed. And now the Unified Government must uphold its end of the bargain. This lawsuit seeks to enforce the Unified Government's promise, to obtain all damages and relief

that the retirees are due as a result of the Unified Government's breaches and impairments of contract, and to enjoin the Unified Government from attempting to reduce, legislatively or otherwise, the level of no-cost health-insurance benefits to which the retirees are entitled.

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Plaintiffs are Georgia residents who reside in the Middle District of Georgia.

2. The City of Athens, Georgia, hired Plaintiff David A. Wood as an electrician in 1976. Wood retired from the Unified Government, as a Senior Electrician, in 2011. He had 34 years of credited service at the time of his retirement and is now 70 years old.

3. Plaintiff Nancy Cochran was hired by Clarke County, Georgia, as a Magistrate Court clerk in 1982. She was later transferred to the fire department where she worked as secretary and then administrative assistant until her retirement from the Unified Government in 2009. Cochran had 27 years of credited service at the time of her retirement and is now 67 years old.

4. Plaintiff Bobby Snipes was hired by Clarke County, Georgia, as the county traffic engineer in 1973. He retired from the Unified Government, as

Deputy Manager, in 2012. Snipes had over 38 years of credited service at the time of his retirement, and he will be 65 years old in July 2014.

5. The City of Athens, Georgia, hired Plaintiff Wendell Faulkner as a firefighter in 1977. Faulkner retired from the Unified Government, as its Fire Chief, in 2004. He had 27 years of credited service at the time of his retirement. Faulkner will be 65 years old in December 2014.

6. The Unified Government is the unified governing authority for the City of Athens, Georgia, and Clarke County, Georgia. It exists as a result of a merger between the city and county governments in January 1991.

7. This Court has original subject matter jurisdiction over Plaintiffs' federal constitutional claim, which is Count III of this Complaint, under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiffs' federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Unified Government may be served with a summons and this Complaint pursuant to Federal Rule of Civil Procedure 4(j) through its mayor and chair of the commission, Nancy Denson, at 301 College Avenue, Suite

300, Athens, Georgia 30601. After service, the Unified Government will be subject to the *in personam* jurisdiction of this Court.

9. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Unified Government is deemed to reside in the Middle District of Georgia and the events giving rise to this action principally occurred within the Middle District.

10. Venue is proper in the Athens Division of the Middle District of Georgia under Local Rule 3.4 because Plaintiffs' claims arose in this division and the Unified Government is deemed to reside in the Athens Division.

### COMMON FACTUAL ALLEGATIONS

*The Governments' Promises of No-Cost*
*Health-Insurance Benefits throughout Retirement*

11. Before the unification of the city and county governments, the municipal government of Athens, Georgia, guaranteed to Plaintiffs Faulkner and Wood and other of its employees that it would provide them, upon fifteen years of service, "cost-free" health-insurance benefits throughout retirement at the same level they received on the date of their retirement, including dependent coverage.

12. Before the unification of the city and county governments, the government of Clarke County, Georgia, guaranteed to Plaintiffs Cochran and

Snipes and other of its employees that it would provide them, upon ten years of service, at "no cost," the same level of health-insurance benefits that the employees received on the date of their retirement, including dependent coverage.

13. When the city and county governments were unified, the Unified Government assumed all of the contractual obligations of the separate governments, including the promises to provide the specified level of no-cost health-insurance benefits to eligible employees throughout their retirements, including dependent coverage.

14. Section 9-104 of the Unified Government's charter specifically provides that, after unification, no permanent employee of the former governments would suffer any diminution of "compensation." The charter defined "compensation" to include "insurance and retirement benefits."

15. In addition, the Unified Government guaranteed all employees that it hired before January 1, 1994, that, once an employee provided 10 years of service, that employee became entitled to no-cost health-insurance benefits,

throughout retirement, at the same level that he or she received at the time
of retirement, including dependent coverage.[1]

16. The Unified Government also guaranteed no-cost health-insurance
benefits (at the same level received on the last day of employment)
throughout retirement to all employees hired between January 1, 1994, and
July 1, 2002, that provided at least 10 years of service. The Unified
Government limited the right to such no-cost benefits during this time,
however, to the employees themselves; it did not guarantee no-cost dependent
coverage.

*The Governments' Promises Become Part of the Employees' Employment
Contracts and Create Vested Rights to the Benefits*

17. Under Georgia law, an "ordinance establishing a retirement plan for
government employees becomes a part of an employee's contract of
employment if the employee contributes at any time any amount toward the

---

[1] The Unified Government's provision of no-cost health insurance benefits has
been the subject of at least two prior lawsuits: *Unified Gov't of Athens-Clarke
County v. McCrary,* 280 Ga. 901 (2006), and *Athens-Clarke County Employees
Ass'n, Inc. v. Unified Gov't of Athens-Clarke County,* No. 3:02-CV-60 (DF)
(M.D. Ga. Sept. 30, 2002). In both of those cases, the parties stipulated that,
under the authority of the Unified Government's charter, ordinances, and
resolutions, the Unified Government guaranteed a right to receive at no cost
the level of benefits received at retirement to workers who were hired before
unification. *See McCrary*, 280 Ga. at 902 (quoting stipulation); *Athens-Clarke
County Employees Ass'n,* No. 3:02-CV-60 (DF), at * 17 n.3.

benefits he is to receive, and if the employee performs services while the law is in effect; …. [I]f the employee performs services during the effective dates of the legislation, the benefits are constitutionally vested, precluding their legislative repeal as to the employee, regardless of whether or not the employee would be able to retire on any basis under the plan." *McCrary,* 280 Ga. at 901-02 (quoting *Withers v. Register*, 246 Ga. 158 (1980)).

18. Plaintiffs have a vested right to receive from the Unified Government throughout their retirements, at no cost, the same level of health-insurance benefits that they received at the time of their retirement, including dependent coverage.

*Plaintiffs' Vested Rights to No-Cost*
*Health-Insurance Benefits are Unconditional*

19. The governments' guarantees—which are now the Unified Government's obligations—were clear, unmistakable, and, except for years of service, unconditional: in exchange for the specified years of service, the government obligated itself to provide Plaintiffs, throughout retirement and at no cost to Plaintiffs, the same level of health-insurance benefits that they received at the time of their retirement.

20. At the time these contracts were created, neither the city government, the county government, nor the Unified Government conditioned its

guarantee of no-cost health-insurance benefits throughout retirement on any condition or factor other than an employee's years of service.

21. In particular, the governments did not condition their provision—or continued provision—of the required level of no-cost health-insurance benefits on a Plaintiff's age, his enrollment (or not) in Medicare Part B, or any other factor.

22. The Unified Government cannot, by ordinance or otherwise, unilaterally reduce the level of no-cost benefits to which Plaintiffs are entitled under their employment contracts.[2]

23. Despite Plaintiffs' vested rights to, and the Unified Government's obligation to provide, the specified level of no-cost health-insurance benefits throughout Plaintiffs' retirements, the Unified Government has not and will not provide the guaranteed benefits to Plaintiffs.

---

[2] *See McCrary*, 280 Ga. at 902 (noting that impairment clause of state constitution "precludes the application of an amendatory statute or ordinance in the calculation of the employee's retirement benefits if the effect of that amendment is to reduce rather than increase the benefits payable") (quoting *Withers*, 246 Ga. at 159); *see also Reliable Tractor, Inc. v. John Deere Const. & Forestry Co.*, 376 Fed. Appx. 938, 941-42 (11th Cir. 2010) (stating that Article I, § 10 of the U.S. Constitution prohibits states from passing any law that impairs the obligation of contracts).

*The Unified Government Shifts the Primary Costs
of Post-Retirement Health-Insurance Benefits to Certain Retirees*

24. The Unified Government has adopted two versions of an ordinance that purportedly condition the Unified Government's provision of *any* health-insurance benefits to Medicare-eligible retirees with vested rights on the retirees' enrollment in, and payment for, Medicare Part B. *See* Sec. 1-9-19. Both versions of the ordinance are unconstitutional because they purport to reduce the guaranteed benefits provided to Plaintiffs.[3]

25. The version of the ordinance adopted in 2002 stated in pertinent part that, "[I]n order to receive Athens-Clarke County health insurance coverage," retirees "who are eligible for Medicare … shall be required to elect Medicare. … Retirees, who at the time of their retirement and who are eligible for Medicare B benefits, shall have no obligation to pay premiums for health care benefits once the health care program they have chosen has become secondary to Medicare B and Medicare B has become their primary insurer."

26. After the adoption of the 2002 version of the ordinance, the Unified Government would not provide health-insurance benefits to any Medicare-eligible retiree, despite the retiree's right to the specified level of no-cost

---

[3] Enrollment in Medicare Part B is optional for the Medicare-eligible population at large.

health-insurance benefits throughout retirement, unless the retiree elected, enrolled in, and paid for Medicare Part B.

27. To enroll in and remain covered by Medicare Part B, a Medicare-eligible individual must pay monthly premiums.

28. Plaintiffs Cochran and Wood enrolled in Medicare Part B after their retirement from the Unified Government because of the 2002 version of the ordinance.

29. Following their enrollment in Medicare Part B, Plaintiffs Cochran and Wood have paid all premiums associated with their Medicare coverage.

30. The Unified Government has refused to pay for the Medicare premiums incurred by Plaintiffs Cochran and Wood.

31. The secondary coverage that the Unified Government provided to retirees upon their enrollment in Medicare Part B, including Plaintiffs Cochran and Wood, did not provide them the same level of indemnification for medical costs that they received at the time of their retirement.

32. By forcing Plaintiffs to not only enroll in Medicare Part B but also to pay for all premiums associated with that coverage, the Unified Government has failed, is failing, and will fail to provide Plaintiffs the no-cost benefits that they were promised and are entitled to.

33. As a practical matter, forced enrollment in, and payment for, Medicare Part B shifted a substantial portion of the costs of retirees' medical expenses from the Unified Government, where it belongs under the contracts at issue, to the retirees themselves.

34. In an effort to shift even more of the retirees' medical costs from the Unified Government to Medicare-eligible retirees, the Unified Government amended Sec. 1-9-19 in 2013.

35. A true and correct copy of the 2013 version of the ordinance is attached as Exhibit A. Exhibit A is the current version of the ordinance.

36. Under the 2013 version of the ordinance, the Unified Government continues to improperly condition the provision of *any* health-insurance benefits to Medicare-eligible retirees—including those with a vested right to no-cost health-insurance benefits throughout retirement at the same level of indemnification received at the time of retirement—on the retirees' enrollment in, and payment for, Medicare Part B:

(c) *Health Insurance Benefits for Retirees age 65 or older.*

(1) Retirees (regardless of hire date) who are eligible for or who become eligible for Medicare Parts A and B shall be required to elect Medicare Parts A and B in order to receive the benefits described in this paragraph. Retirees shall be responsible for all premiums associated with Medicare Parts A and B and all costs associated with Medicare Parts A and B not

otherwise covered by secondary insurance plans that may be selected by Retirees.

….

(e) Retirees shall be responsible for all costs associated with Medicare Parts A and B.

Sec. 1-9-19 (2013).

37. Because of the ordinance made Exhibit A, Plaintiffs Faulkner and Snipes intend to enroll in Medicare Part B at or around their 65th birthdays.

38. Even though Plaintiffs and other retirees have a vested right to a defined *benefit* under their employment contracts, the 2013 version of the ordinance permits the Unified Government to make only a conditional *contribution* toward the costs of the eligible retirees' health-insurance benefits.

39. The Unified Government is currently providing to certain retirees who make a request a monthly conditional contribution of up to $150.00 per Medicare-eligible retiree. If the retiree is entitled to dependent coverage, then the Unified Government will contribute up to an additional $150.00 per eligible dependent per month.

40. The amount of the monthly contribution is less than what is necessary for Plaintiffs to obtain and maintain the level of health-insurance benefits that they received on their last day of employment.

41. Collectively, the 2002 and 2013 versions of the ordinance have improperly and unconstitutionally shifted a substantial amount of the costs associated with the health-insurance benefits of Plaintiffs and other Medicare-eligible retirees from the Unified Government to the retirees.

42. The Unified Government's actions reduce rather than increase the health-insurance benefits received by Plaintiffs and other Medicare-eligible retirees with vested rights.

43. As a direct result of the changes, Plaintiffs and other Medicare-eligible retirees receive less indemnification for their medical expenses than they received on their last day of employment.

44. By taking the actions above, the Unified Government has breached, continues to breach, and will breach its duty to provide Plaintiffs' no-cost health-insurance benefits at the same level received on their last day of employment, and it has impaired, continues to impair, and will impair Plaintiffs' vested, contractual rights to the same.

45. The Unified Government has breached its contracts with Plaintiffs.

46. The Unified Government has unilaterally impaired its contracts with Plaintiffs.

47. The Unified Government's actions result in a substantial impairment of Plaintiffs' contracts with and vested rights against the government.

48. Plaintiffs have suffered and, absent appropriate injunctive relief from the Court, will continue to suffer significant harm and substantial damages because of the Unified Government's breaches.

49. The harms that will be suffered in the future as a result of the 2013 version of the ordinance are irreparable. The Unified Government's actions affect significant health concerns, and possibly questions of life and death, and in such cases, money damages are insufficient to compensate Plaintiffs for the harms suffered.

## CLASS ALLEGATIONS

50. Plaintiffs bring this action on behalf of themselves and all others similarly situated. They propose to represent a class consisting of all persons who (a) were hired by the City of Athens, Georgia, Clarke County, Georgia, or the Unified Government of Athens-Clarke County, Georgia on or before July 1, 2002; (b) provided at least the minimum number of years of service required to be entitled to no-cost health-insurance benefits throughout

retirement at the level received on the last day of employment; and (c) retired

as an employee of the City of Athens, Georgia, Clarke County, Georgia, or the

Unified Government.

51. This class action satisfies the prerequisites for maintaining a class

action under Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiffs reserve the right to amend the foregoing class definition

before the Court determines whether class certification is appropriate.

53. The class is so numerous that joinder of all class members is

impracticable. Although Plaintiffs are unable to allege the exact number of

class members, they believe based on public information obtained from the

Unified Government that there are hundreds of class members. Plaintiffs

believe that records maintained in the ordinary course of the Unified

Government's business will readily reveal the exact number of class

members.

54. This action presents material questions of law and fact common to the

class. These questions include, but are not limited to,

(a) Whether the Unified Government made a promise to all

employees hired prior to July 1, 2002, that those employees would

receive no-cost health-insurance benefits throughout their

retirement at the same level that existed on the date of the

employees' retirement if they provided the requisite years of service;

(b) Whether the Unified Government is obligated to provide no-cost

health-insurance benefits to the class;

(c) Whether the Unified Government's promise is constitutionally

vested;

(d) Whether the Unified Government has breached the contract by

requiring those retirees to enroll in and pay all premiums associated

with Medicare Part B;

(e) Whether the Unified Government has breached the contract by

failing to provide the same level of health-insurance benefits as it

provided on the date of the employees' retirements;

(f) Whether the Unified Government has violated the Contract

Clause of the Georgia Constitution by requiring those retirees to

enroll in and pay all premiums associated with Medicare Part B;

(g) Whether the Unified Government has violated the Contract

Clause of the Georgia Constitution by failing to provide the same

level of health-insurance benefits as it provided on the date of the

employees' retirements;

(h) Whether the Unified Government has violated the Contract Clause of the United States Constitution by requiring those retirees to enroll in and pay all premiums associated with Medicare Part B;

(i) Whether the Unified Government has violated the Contract Clause of the United States Constitution by failing to provide the same level of health-insurance benefits as it provided on the date of the employees' retirements;

(j) Whether the 2002 ordinance is unconstitutional;

(k) Whether the 2013 ordinance is unconstitutional;

(l) Whether the Unified Government's provision of only up to $150.00 per month to Medicare-eligible retirees violates the retirees' vested rights to no-cost health benefits throughout retirement, at the level received on the day of retirement; and

(m) Whether the class members have suffered damages as a result of the Unified Government's failures and breaches.

55. Plaintiffs' claims are typical of the class's claims because all such claims (a) present the same elements and burden of proof; (b) rely upon the Unified Government's same conduct; (c) rely upon the same legal arguments; and (d) rely upon the same method to measure damages.

56. Plaintiffs are adequate representatives of the class. Plaintiffs have suffered, or in the case of Plaintiffs Faulkner and Snipes, will imminently suffer, injuries typical of those suffered by other class members, are committed to obtaining just relief for all class members, and will fairly and adequately protect the interests of the class. Plaintiffs have retained lawyers that are qualified, experienced, and able to represent Plaintiffs and the class.

57. The questions of law and fact common to the class members predominate over any questions affecting only individual class members.

58. A class action is a superior method of adjudicating the class members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

59. The interests of individual class members are overwhelmingly best served by the conduct of a class action. Class members' individual claims do not justify the investment of time and money that will need to be made in the litigation; absent a class vehicle for presenting such claims, the individual class members would not, in all reasonable probability, be able to prosecute and win their claims.

60. This action is manageable because the evidence proving the legal wrongs alleged are common to the class, and the class members' identities

(including current or last known address, social security number, and other identifying information), dates of employment and retirement, guaranteed benefits, and benefits actually received are available from, and can be manageably proved through, documents in the Unified Government's possession.

61. Plaintiffs seek certification of a class under Rule 23(b)(3) or, alternatively, Rule 23(b)(2) of the Federal Rules of Civil Procedure or some combination thereof.

62. Because the Unified Government has acted and refused to act on grounds that apply generally to the class, injunctive relief that prohibits the Unified Government from continuing to impair and breach the vested rights of retirees to no-cost health-insurance benefits, throughout retirement, at the level received on their last day of employment is appropriate on a class-wide basis.

## CLAIMS FOR RELIEF

## COUNT I—BREACH OF CONTRACT

63. Plaintiffs incorporate the preceding paragraphs into this count as if those paragraphs were fully stated herein.

64. The Unified Government entered into contracts with Plaintiffs that required the Unified Government to provide Plaintiffs, throughout their retirement and at no cost to Plaintiffs, the same level of health-insurance benefits that they received on their last day of employment.

65. The Unified Government breached the contracts, and continues to breach them, by not providing Plaintiffs Cochran and Wood the no-cost health-insurance benefits to which they are entitled.

66. Plaintiffs Cochran and Wood have been directly injured by the Unified Government's breaches and suffered damages in an amount to be proven at trial.

67. The Unified Government is liable to Plaintiffs Cochran and Wood for monetary damages caused by the government's breaches.

68. Pursuant to Georgia law, Plaintiffs Cochran and Wood are entitled to prejudgment interest on the amounts owed by the Unified Government.

## COUNT II—IMPAIRMENT OF CONTRACT UNDER GEORGIA CONSTITUTION

69. Plaintiffs incorporate Paragraphs 1-68 into this count as if those paragraphs were fully stated herein.

70. The Contract Clause of the Georgia Constitution prohibits "laws impairing the obligation of contract." Ga. Const. Article I, Section I, Paragraph X.

71. The contracts and promises between Plaintiffs and the Unified Government are contracts within the meaning of the Contract Clause of the Georgia Constitution.

72. The Unified Government substantially impaired those contracts by failing and refusing to provide said benefits and by adopting ordinances that purportedly allow the Unified Government to reduce Plaintiffs' benefits.

73. The substantial impairment is not necessary, reasonable, or appropriate to achieve a significant and legitimate public purpose.

74. The Unified Government's actions violate the Contract Clause of the Georgia Constitution.

75. Plaintiffs Wood, Cochran, Snipes, and Faulkner have been directly injured, or will be imminently injured, by the Unified Government's impairment of their contracts.

76. The Unified Government is liable to Plaintiffs Cochran and Wood for monetary damages caused by the government's impairment of their contracts in an amount to be proven at trial.

77. The harms that have been or will be caused by the Unified Government's actions cannot, however, be remedied merely through monetary damages.

78. Plaintiffs have suffered and will imminently suffer, substantial, and irreparable harm due to the Unified Government's actions.

### COUNT III—IMPAIRMENT OF CONTRACT UNDER U.S. CONSTITUTION (42 U.S.C. § 1983)

79. Plaintiffs incorporate Paragraphs 1-78 into this count as if those paragraphs were fully stated herein.

80. The Contract Clause of the United States Constitution provides that "[n]o State shall … pass any … law impairing the obligation of contracts." U.S. Const. Article I, § 10, Clause 1.

81. The contracts and promises between Plaintiffs and the Unified Government are contracts within the meaning of the Contracts Clause.

82. The Unified Government substantially impaired those contracts by failing and refusing to provide said benefits and by adopting ordinances that purportedly allow the Unified Government to reduce Plaintiffs' benefits.

83. The substantial impairment is not necessary, reasonable, or appropriate to achieve a significant and legitimate public purpose.

84. The Unified Government's actions violate the Contract Clause of the United States Constitution.

85. Plaintiffs Wood, Cochran, Snipes, and Faulkner have been directly injured, or will be imminently injured, by the Unified Government's impairment of their contracts.

86. The Unified Government is liable to Plaintiffs Cochran and Wood for monetary damages caused by the government's impairment of their contracts in an amount to be proven at trial.

87. The harms that have been or will be caused by the Unified Government's actions cannot, however, be remedied merely through monetary damages.

88. Plaintiffs have suffered and will imminently suffer, substantial, and irreparable harm due to the Unified Government's actions.

### COUNT IV—ATTORNEYS' FEES
### (O.C.G.A. § 13-6-11 and 42 U.S.C. § 1988)

89. Plaintiffs incorporate Paragraphs 1-88 into this count as if those paragraphs were fully stated herein.

90. By engaging in the conduct identified above, the Unified Government has acted in bad faith, been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense.

91. As a result, Plaintiffs are entitled to recover the expenses of this litigation, including their reasonable attorneys' fees, from the Unified Government under O.C.G.A. § 13-6-11.

92. Plaintiffs will also be entitled to recover their attorneys' fees and expenses under 42 U.S.C. § 1988 if they prevail in this action because, through Count III, Plaintiffs are seeking to redress a violation of their federal constitutional rights under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

Wherefore, Plaintiffs pray that the Court:

(a) enter an order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3);

(b) conduct a jury trial of all claims and issues as to which there is right to jury;

(c) enter judgment awarding damages to Plaintiffs and the class members in an amount to be determined at trial;

(d) enter judgment compelling the Unified Government to cease and desist from denying Plaintiffs no-cost health-insurance benefits at the same level of indemnification as existed on the date of their retirement and further enjoining the Unified Government from implementing any changes that

result in Plaintiffs and the class members receiving a lower level of health-insurance benefits than they received at the time of their retirement;

(e) award Plaintiffs their reasonable attorneys' fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11; and

(f) order other and further relief as this Court deems proper and just.

Respectfully submitted, this 15th day of May, 2014.

JOHNSON MARLOWE LLP

/s/ Dustin Marlowe_____
Spence Johnson
Georgia Bar No. 395469
455 Epps Bridge Parkway          spence@johnsonmarlowe.com
Suite 101                        Dustin Marlowe
Athens, Georgia 30606            Georgia Bar No. 773538
(706) 425-8740                   dustin@johnsonmarlowe.com


CAPLAN COBB LLP

/s/ Michael A. Caplan_____
Michael A. Caplan
Georgia Bar No. 601039
mcaplan@caplancobb.com
1447 Peachtree Street, N.E.      James W. Cobb
Suite 880                        Georgia Bar No. 420133
Atlanta, Georgia 30309           jcobb@caplancobb.com
(404) 596-5600

ATTORNEYS FOR PLAINTIFFS