```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                          ATHENS DIVISION
```

DAVID A. WOOD, *on behalf of*           *
*himself and all persons*
*similarly situated, et al.*,           *

    Plaintiffs,                      *

vs.                                     *       CASE NO. 3:14-CV-43 (CDL)

UNIFIED GOVERNMENT OF ATHENS-           *
CLARKE COUNTY, GEORGIA,
                                        *
    Defendant.
                                        *

O R D E R

In this putative class action, retirees of Defendant Unified Government of Athens Clarke-County, Georgia seek to hold Athens to its word: if you were hired before July 1, 2002 and worked for Athens for the requisite number of years, you will receive "'cost-free' health-insurance benefits throughout retirement at the same level [you] received on the date of [your] retirement, including dependent coverage." Compl. ¶ 11, ECF No. 1. Plaintiffs contend that Athens broke its word when it enacted an ordinance in 2002 that required Medicare-eligible retirees to enroll in Medicare Part B as a condition of receiving benefits under Athens's health plan. Whether Athens in fact broke its word is not presently before the Court. Athens seeks to avoid the resolution of that issue, contending that Plaintiffs' claims are barred by the applicable statute of

limitations. For the reasons explained in the remainder of this Order, the Court agrees and finds that Plaintiffs' claims based on the 2002 ordinance are time-barred. Athens's motion for judgment on the pleadings (ECF No. 13) is therefore granted.

## JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (internal quotation marks omitted). The Court "must accept all facts in the complaint as true and view them in the light most favorable to the plaintiffs." *Id.* (internal quotation marks omitted). In ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court may consider copies of the relevant ordinances that were attached to the Complaint and Answer. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## FACTUAL ALLEGATIONS

Plaintiffs make the following allegations in support of their claims. The Court construes these allegations as true for purposes of the pending motion.

Plaintiffs are retired employees of Athens. By 2002, each Plaintiff had completed at least fifteen years of service for Athens. Faulkner retired in 2004 after twenty-seven years of service, and he became eligible for Medicare in 2014. Cochran

retired in 2009 after twenty-seven years of service, and she became eligible for Medicare in 2011 or 2012. Wood retired in 2011 after thirty-four years of service, and he was eligible for Medicare when he retired. Snipes retired in 2012 after thirty-eight years of service, and he became eligible for Medicare in 2014.

Plaintiffs allege that as part of their employment contract, Athens promised them that if they completed the requisite years of service, they would receive "'cost-free' health-insurance benefits throughout retirement at the same level they received on the date of their retirement, including dependent coverage." Compl. ¶¶ 11-12, ECF No. 1.[1] Plaintiffs further allege that this promise was not conditioned on any factor other than years of service. *Id.* ¶ 21.

In 2002, Athens adopted an ordinance requiring Medicare-eligible retirees to enroll in Medicare Part B as a condition of receiving benefits under Athens's health plan. Answer Attach. 1, Minutes of Athens-Clarke Cnty. Comm'n § 2(b)(2), June 4, 2002, ECF No. 5-1 at 13. The ordinance further provided that employees hired before July 1, 2002 would continue to receive

---

[1] Clarke County, Georgia merged with the City of Athens, Georgia in 1991 to become the Unified Government of Athens-Clarke County, Georgia. Before the unification, City employees had to serve fifteen years before becoming entitled to retirement health insurance benefits, and County employees had to serve ten years. Upon unification, the unified government assumed all contractual obligations of the separate governments. Compl. ¶ 13.

3

"premium free health care benefits" via a premium-free HMO plan. *Id.* § 2(b)(1). Based on the 2002 ordinance, Plaintiffs enrolled in Medicare Part B (or planned to do so when they turned 65) and are responsible for their own Medicare premiums. Thus, they contend that they are not receiving cost-free health insurance benefits at the same level they were receiving when they retired, as promised by Athens.

## DISCUSSION

Plaintiffs bring claims for breach of contract, contract impairment under the Georgia Constitution, and contract impairment under the U.S. Constitution. They filed their Complaint on May 15, 2014. The parties agree for purposes of the pending motion that the applicable statute of limitations for the two state law claims is six years. *See* O.C.G.A. § 9-3-24 (requiring that contract actions be brought within six years after the breach); *Teachers Ret. Sys. of Ga. v. Plymel*, 296 Ga. App. 839, 841, 676 S.E.2d 234, 238 (2009) (finding that O.C.G.A. § 9-3-24 applies to claims based on an ordinance or statute that modifies government employees' employment contracts). The parties further agree that the applicable statute of limitations for the contract impairment claim under the U.S. Constitution, which Plaintiffs brought through 42 U.S.C. § 1983, is two years. *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (noting that "[a]ll constitutional claims

4

brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought," which is two years in Georgia) (internal quotation marks omitted).

The dispositive issue for the present motion is when Plaintiffs' cause of action accrued. If it accrued when Plaintiffs retired, then their claims are, for the most part, timely. If it accrued when Athens passed the 2002 ordinance changing their benefits, their claims are time-barred. "In contract actions the time of the breach controls, not the time the actual damages result or are ascertained." *Gamble v. Lovett Sch.*, 180 Ga. App. 708, 709, 350 S.E.2d 311, 312 (1986) (finding that teacher's breach of contract claim accrued when his school abolished tenure, not when he was later fired). Athens argues that Plaintiffs' claims based on the 2002 ordinance accrued when Athens passed the ordinance in 2002. Plaintiffs contend that their claims did not accrue until they retired and became Medicare-eligible. Moreover, they assert that Athens continues to breach its promise every time it fails to indemnify Plaintiffs fully for their health expenses.

The Court first considers Plaintiffs' argument that Defendant's breach is ongoing with a new claim accruing each time Plaintiffs pay their Medicare Part B premium and are not reimbursed. The resolution of this issue depends on whether the

5

contract between Athens and its retirees is divisible or entire. "If the contract is divisible, the statute runs separately as to each payment when it becomes due." *Plymel*, 296 Ga. App. at 845, 676 S.E.2d at 240.  If a contract is entire, there can only be one action for breach of contract, and the statute of limitations begins running on the date of that breach.  *Id.*; *accord* O.C.G.A. § 13-6-14.  In general, if "the whole quantity, service, or thing, all as a whole, is of the essence of the contract, and if it appear that the contract was to take the whole or none, then the contract would be entire." *Piedmont Life Ins. Co. v. Bell*, 103 Ga. App. 225, 235, 119 S.E.2d 63, 72 (1961).  But "if the quantity, service, or thing is to be accepted by successive performances, then the contract may properly be held to be severable." *Id.*  In other words, if the contract is "for an indefinite total amount which [is] payable in installments over the uncertain period," then it is divisible, but if it is for a "single sum certain," then it is entire.  *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 748-49, 559 S.E.2d 450, 453-54 (2002).

The Court concludes that the contract at issue here is entire, not divisible.  Plaintiffs allege that their agreement with Athens was for cost-free health insurance benefits during retirement at the same level they received as of the date of their retirement.  They further contend that Athens is not

meeting its end of the bargain because it is not providing cost-free health insurance benefits to Plaintiffs. Plaintiffs' reliance on *Plymel* is misplaced. In *Plymel*, the defendant "had a duty to pay benefits in successive installments," so "the statute of limitation accrued on a payment-by-payment basis." 296 Ga. App. at 846, 676 S.E.2d at 241. Here, Plaintiffs allege a single promise (free healthcare benefits at a certain level) and a single breach (requirement that retirees pay Medicare Part B premium). The alleged contract is not divisible, so the promise was broken when the ordinance was enacted.

Athens contends that the claims accrued in 2002 when Athens passed the ordinance requiring retirees to enroll in Medicare Part B as a condition of receiving healthcare benefits from Athens. Plaintiffs contend, however, that the 2002 ordinance amounts to an anticipatory breach of the agreement and that Plaintiffs therefore had the option of waiting for the time for performance and bringing suit then. *See, e.g., CCE Fed. Credit Union v. Chesser*, 150 Ga. App. 328, 330-31, 258 S.E.2d 2, 4-5 (1979) (noting that if one party repudiates a contract "prior to the time of his performance, the innocent party is . . . absolved from any future performance on his part"); *Jinright v. Russell*, 123 Ga. App. 706, 709, 182 S.E.2d 328, 330 (1971) ("An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed

7

for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract[.]").

The Court is not convinced that anticipatory breach principles apply here. Plaintiffs allege that by 2002, Athens had an existing obligation to provide them with cost-free healthcare benefits during retirement, that Plaintiffs had performed all that was required of them to receive these benefits, and that Athens passed an ordinance under which Plaintiffs' retirement healthcare benefits would not be cost-free. The Georgia courts have declined to apply the theory of anticipatory breach in two similar cases. In *City of Lafayette v. Bates*, 234 Ga. App. 662, 662, 507 S.E.2d 252, 253 (1998), for example, a city retiree asserted that he had a vested right to be paid for his unused sick leave upon retirement, that the city phased out the sick leave policy before his retirement, and that he did not receive a one-time payment for his unused sick leave when he retired. The Georgia Court of Appeals found that any breach occurred when the city phased out its sick leave policy— not when the employee later retired and did not receive the payment. *Id.* And in *Gamble v. Lovett School*, a schoolteacher asserted that he had a vested right to tenure, that the school eliminated tenure, and that he was later terminated while junior teachers were retained. 180 Ga. App. at 708-09, 350 S.E.2d at 311-12. The Georgia Court of Appeals concluded that any breach

8

of contract occurred when the teacher lost tenure—not nine years later when his contract was not renewed.  Id. *at* 709, 350 S.E.2d at 313.  Here, Plaintiffs claim that as of 2002 they had a vested right in cost-free health insurance benefits throughout retirement and that Athens breached that agreement by adopting a rule that required Plaintiffs to pay Medicare Part B premiums once they turned 65.  In the Court's view, this case is indistinguishable from *Bates*, where the city promised its employees payment for unused sick leave upon retirement and then changed the rule so that retirees would not be paid for unused sick time.

Plaintiffs also suggest that finding their claims barred by the statute of limitations would be inconsistent with a previous ruling by Judge Fitzpatrick regarding the 2002 ordinance.  In that prior action, which was filed in 2002 shortly after the ordinance was adopted, a group of Athens employees and retirees challenged the 2002 ordinance.  That case focused on a change that required employees and retirees alike to begin paying a premium for coverage under Athens's PPO even though the PPO had been offered with no premium prior to 2002.  Following a bench trial, Judge Fitzpatrick concluded that Athens had impaired the contractual rights of the *retirees* who had been provided with cost-free PPO coverage on their last day of employment but were obligated to pay a premium under the 2002 ordinance.  *Athens-*

9

*Clarke Cnty. Emps. Assoc., Inc. v. Unified Gov't of Athens-Clarke Cnty., Ga.*, Order 26, Sept. 30, 2002, ECF No. 22 in 3:02-cv-00060-DF (M.D. Ga.).

Judge Fitzpatrick concluded, however, that there was no evidence that Athens had reduced any retirement benefit for the *current* employees who had "a vested interest in receiving at no cost the level of benefits they possess at retirement." *Id.* at 27. He reached this conclusion because the current employees did not prove that they had "a contractual right to receive continuing cost-free benefits at some minimum level during employment." *Id.* Judge Fitzpatrick noted that the current employees were "in the odd position of having a vested right to some form of cost-free health insurance as part of their retirement plan, but it is entirely unclear at this point exactly what level of coverage to which they will be entitled at that time." *Id.* at 13. Judge Fitzpatrick emphasized that there was "no indication at [that] time that [Athens's] actions have reduced any retirement benefits to which" the current employees were entitled. *Id.* In other words, there was no evidence that Athens breached its retirement benefits agreement with its current employees by shifting to a premium-based PPO plan.

Plaintiffs here allege that they were unequivocally promised cost-free health insurance as part of their retirement plan. The 2002 ordinance expressly broke that promise by

10

requiring that Medicare-eligible retirees enroll in Medicare Part B at their own cost. Plaintiffs therefore knew in 2002 that their retirement healthcare benefits would not actually be cost-free. While they may not have suffered out-of-pocket economic damages until they began paying the Medicare Part B premiums, their rights were sufficiently fixed for their claims to have accrued for statute of limitations purposes when Athens passed the 2002 ordinance. *See Gamble*, 180 Ga. App. at 709, 350 S.E.2d at 312 ("In contract actions the time of the breach controls, not the time the actual damages result or are ascertained.").

Each Plaintiff was therefore required to bring the state law claims by 2008 and the § 1983 claims by 2004. They did not do so. Their claims based on the 2002 ordinance must be dismissed.[2]

## CONCLUSION

As explained in this Order, Athens's Motion for Partial Judgment on the Pleadings (ECF No. 13) is granted. The

---

[2] The Court hastens to add that today's ruling does not result in a situation where there is a legal breach without a remedy. Although Plaintiffs may not have recovered compensatory damages had they filed a timely action before they retired, nominal damages would have been available upon proof of a breach of their contract. *See* O.C.G.A. § 13-6-6 ("In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action."). And, more importantly, they could have sought a declaration that the 2002 ordinance was not enforceable as to them.

discovery stay is lifted. Within fourteen days of today's Order, the parties shall submit an amended joint proposed Scheduling/Discovery Order.

IT IS SO ORDERED, this 13th day of January, 2015.

                                S/Clay D. Land
                                  CLAY D. LAND
                CHIEF U.S. DISTRICT COURT JUDGE
                    MIDDLE DISTRICT OF GEORGIA