IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID A. WOOD, *on behalf of himself and all persons similarly situated, et al.*, | * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 3:14-CV-43 (CDL) |
| UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA, | * |
| Defendant. | * |

O R D E R

Defendant Unified Government of Athens-Clarke County, Georgia ("ACC") seeks reconsideration of the Court's denial of its motion for summary judgment. Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Because there has been no change in controlling law, no newly discovered evidence, and no persuasive argument made that the Court made a clear error of law or fact, ACC's motion (ECF No. 74) is denied.

DISCUSSION

Plaintiffs, who are retirees of Defendant Unified Government of Athens-Clarke County, Georgia ("ACC"), contend that ACC promised them 100% health insurance during retirement if they had ten or more continuous years of service; they also maintain that this promise was not contingent upon them enrolling in Medicare or paying Medicare premiums. The Court previously found that a genuine factual dispute exists as to whether such an enforceable agreement was ever made, and thus denied all parties' motions for summary judgment. *Wood v. Unified Gov't of Athens-Clarke Cty., Ga.*, No. 3:14-CV-43 (CDL), 2018 WL 505083, at *7 (M.D. Ga. Jan. 22, 2018). ACC tries mightily to convince the Court that it was wrong.

The Court fully considered ACC's arguments when it denied summary judgment, and ACC's current motion provides no additional enlightenment. As the Court explained in its previous order, a jury could certainly find from the evidence viewed in the light most favorable to ACC that retirees are only "entitled to health insurance coverage during their retirement on substantially the same terms that they had on their last day of employment"—which means that if a "Plaintiff's health insurance plan on his last day of employment excluded services covered by Medicare (like all of Plaintiffs' insurance plans did), then services covered by Medicare would likewise not be

2

covered during retirement." *Wood*, 2018 WL 505083, at *7. But a jury could also conclude, based on the evidence viewed in the light most favorable to Plaintiffs, that ACC "retirees are entitled to the same level of health insurance coverage during retirement that they had on the last day of their employment at no cost to the retiree . . . with no obligation for the retiree to enroll in Medicare or pay Medicare premiums." *Id.*

ACC argues that the Court's finding of a genuine factual dispute was wrong. It argues that the evidence is essentially undisputed that ACC required Medicare-eligible retirees to enroll in Medicare and that ACC never paid Medicare premiums for its Medicare-eligible retirees. ACC apparently does not understand the difference between the evidence arguably being in its favor (perhaps even overwhelmingly so) and the evidence being so one-sided that no reasonable juror could reach a contrary conclusion. ACC submitted evidence that the City's 1987 health insurance plan excluded Medicare-eligible services, and ACC pointed to testimony that several ACC human resources employees were not aware of any Medicare payments made on behalf of employees or retirees between 1996 and 2017. But the City's 1987 health insurance plan also stated that Medicare-eligible employees could remain on the group health plan as primary coverage. Furthermore, ACC did not submit evidence to establish that prior plans had a similar exclusion. A reasonable jury

3

could conclude from the present record that ACC's promise to provide retirees health insurance did not exclude Medicare-eligible services. A genuine factual dispute exists, and a jury, not a single judge, must resolve it.

ACC also argues that the Court's ruling is inconsistent with the well-settled law that the courts "presume 'that statutory enactments do not create contractual obligations'" unless the "legislature evinces an 'unmistakable' intent to be contractually bound." *Taylor v. City of Gadsden*, 767 F.3d 1124, 1134 (11th Cir. 2014) (quoting *McGrath v. R.I. Retirement Bd.*, 88 F.3d 12, 19 (1st Cir. 1996)). Again, ACC misunderstands summary judgment. It is true that the evidence is in conflict. But that does not mean that one version of the evidence would not support a jury finding that ACC's predecessors had an unmistakable intent to be bound to the agreement that Plaintiffs claim. If a jury resolves the conflict as Plaintiffs suggest that it should, then it would have found this unmistakable intent. And the Court has found that there is enough evidence for it to do so, although it would not be compelled to do so.

As the Court explained in its previous order, the evidence viewed in the light most favorable to Plaintiffs would permit a jury to conclude that the predecessor governments expressed an unmistakable intent to be contractually bound to provide 100% health insurance coverage during retirement to employees with

4

the requisite amount of service. And, a jury could conclude from the evidence viewed in the light most favorable to Plaintiffs—including evidence that the County began requiring retirees to enroll in Medicare in 1984—that Medicare enrollment was not required for retirees who were hired before 1984. The Court recognized that a jury could also conclude, based on the evidence viewed in the light most favorable to ACC, that if there was a deal between ACC and its employees, it required Medicare-eligible retirees to enroll in Medicare and pay Medicare premiums. Thus, this is a fact question for the jury. To prevail at trial, Plaintiffs will have to convince the jury that ACC's predecessor governments definitively intended to make a contract with their employees on the terms that Plaintiffs assert. But at this stage, they simply have to establish that a reasonable jury *could* find in their favor—not that it must.

CONCLUSION

For the foregoing reasons, ACC's motion for reconsideration (ECF No. 74) is denied.

IT IS SO ORDERED, this 16th day of February, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA